UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CV-00152-GNS

JONATHON SMITH                                                                                    PLAINTIFF

v.

APL LOGISTICS WAREHOUSE
MANAGEMENT SERVICES, INC.                                                                DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (DN 5).[1] The motion is ripe for decision. For the reasons outlined below, the motion is **GRANTED**.

### I.  SUMMARY OF FACTS AND CLAIMS

Plaintiff Jonathon Smith ("Smith") is an African-American who worked from Defendant APL Logistics Warehouse Management Services, Inc. ("APL") as an engineering design drafter. (Compl. ¶¶ 6, 8, DN 1-1). Plaintiff alleges that during the course of his employment, he was treated less favorably than his Caucasian co-workers and was terminated in retaliation for complaining of the discriminatory treatment. (Compl. ¶ 9).

Plaintiff filed this action in Jefferson Circuit Court alleging that APL discriminated against him based upon his race in violation of the Kentucky Civil Rights Act ("KCRA"), KRS

---

[1] Defendant has filed the Motion for Leave to File Supplemental Legal Authority (DN 11) in which it cites this Court's recent decision in *Baker v. Swift Pork Co.*, No. 3:15-CV-00663-JHM, 2016 WL 1268300 (W.D. Ky. Mar. 31, 2016). Because the Court believes that *Baker* is instructive in addressing the issues pending before the Court, this motion is also **GRANTED**.

Chapter 344.² (Compl. ¶ 11). Plaintiff also alleges that APL retaliated against him for opposing the company's discriminatory practices. (Compl. ¶ 11). APL timely removed this action to federal court. (Notice of Removal, DN 1).

## II.   STANDARD OF REVIEW

"It is well-established that the Federal Rules of Civil Procedure apply to removed cases." *Simmerman v. Ace Bayou Corp.*, 304 F.R.D. 516, 518 (E.D. Ky. 2015) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Stern v. Inter-Mountain Tel. Co.*, 226 F.2d 409 (6th Cir. 1955)). *See also D.H. v. Matti*, No. 3:14-CV-732-CRS, 2015 WL 4530419, at *7 (W.D. Ky. July 27, 2015) (quoting *Simmerman* and applying the heighten pleading to a case removed from state court). Under those rules, a complaint is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must construe the complaint in a light most favorable to the nonmoving party, accepting "as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994) (citing *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976)). The nonmoving party, however, must plead more than bare legal conclusions. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). In order to survive a 12(b)(6) motion, "[the] complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). While the pleadings do not need to contain detailed factual allegations,

---

² The Kentucky Supreme Court has held that the KCRA "should be interpreted consistently with federal law." *Ammerman v. Bd. of Educ. of Nicholas Cty.*, 30 S.W.3d 793, 797-98 (Ky. 2000) (citing *Meyers v. Chapman Printing*, 840 S.W.2d 814, 821 (Ky. 1992)).

the nonmoving party must allege facts that when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

### III. DISCUSSION

The entire premise of APL's motion is that Plaintiff has failed to allege sufficient facts to support his claims under the KCRA. In relevant part, the Complaint alleges:

> 6. SMITH is a former employee of APL.
> 7. SMITH worked for APL in Louisville, KY.
> 8. SMITH worked for APL as an engineering design drafter. SMITH is also African American.
> 9. During his employment SMITH was treated less favorably than his Caucasian counter parts. SMITH objected [to] the different treatment and raised his opposition to what he perceived as discrimination. Following the Plaintiff's complaints the Defendant terminated the Plaintiff in retaliation for Plaintiff's complaints.
> . . .
> 10 SMITH re-alleges all allegations contained in Paragraphs 1 through 10 above as if fully set forth herein.
> 11. The facts as set forth above constitute retaliation, race discrimination and unlawful discharge in violation of KRS 344.280 *et seq.*

(Compl. ¶¶ 6-11).

#### A. Race Discrimination/Unlawful Discharge

Smith alleges that APL discriminated against him because of his race. In relevant part, the KCRA makes it unlawful "[t]o fail or refuse to hire, or to discharge any individual, or otherwise to discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment, because of the individual's race . . . ." KRS 344.040(1)(a). To allege a *prima facie* claim of race discrimination, Smith had to allege that: "(1) [he] is a member of a protected class; (2) [he] was qualified for [his] job; (3) [he] suffered an adverse employment decision; and (4) [he] was replaced by a person outside the protected class or treated differently than similarly situated nonprotected employees." *Keys v. Human, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citation omitted).

3

While the Complaint contains formulaic recitations of most of the elements necessary for this claim, he has not alleged that he was qualified for the position. In addition, "bare assertions . . . amount to nothing more than a formulaic recitation of the elements of a [] discrimination claim and [] are not entitled to be assumed true." *Iqbal*, 556 U.S. at 697 (internal quotation marks omitted) (citation omitted). As the Sixth Circuit has noted, a court is "not required to accept inferences drawn by [a plaintiff] if those inferences are unsupported by the facts alleged in the complaint." *Roof v. Bel Brands USA, Inc.*, No. 15-5105, 2016 WL 463461, at *5 (6th Cir. Feb. 8, 2016) (internal quotation marks omitted) (quoting *Sman Han v. Univ. of Dayton*, 541 F. App'x 622, 627 (6th Cir. 2013)). Because Smith's allegations lack the necessary factual basis show that he is entitled to relief for racial discrimination under the KCRA, he has failed to state a claim. *See Baker v. Swift Pork Co.*, No. 3:15-CV-00663-JHM, 2016 WL 1268300 (W.D. Ky. Mar. 31, 2016) (dismissing the discrimination claims under the KCRA because the claims were based upon conclusory allegations).[3]

### B. <u>Retaliation</u>

In the Complaint, Plaintiff also purports to assert a claim of retaliation. Under the KCRA:

> It shall be an unlawful practice for a person, or for two (2) or more persons to conspire:
> (1) To retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by this chapter, or because he has made a charge, filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this chapter . . . .

KRS 344.280(1). To state a *prima facie* claim of retaliation, a plaintiff must allege:

---

[3] *Baker* was cited by APL as supplemental authority to support its motion. The Court has compared the complaints from *Baker* and the present action side-by-side. While *Baker* involved claims of disability/pregnancy discrimination rather than race discrimination, the factual insufficiencies present in the complaint in *Baker* mirror the deficiencies reflected in the Complaint in the case *sub judice*.

> (1) that plaintiff engaged in an activity protected by [the KCRA]; (2) that the exercise of his civil rights was known by the defendant; (3) that, thereafter, the defendant took an employment action adverse to the plaintiff; and (4) that there was a causal connection between the protected activity and the adverse employment action.

*Brooks v. Lexington-Fayette Urban Cty. Hous. Auth.*, 132 S.W.3d 790, 803 (Ky. 2004) (internal quotation marks omitted) (quoting *Christopher v. Stouder Mem'l Hosp.*, 936 F.2d 870, 877 (6th Cir. 1991)).

From the face of the Complaint, Plaintiff's only factual allegations in support of this claim are: (i) "[f]ollowing the Plaintiff's complaints the Defendant terminated the Plaintiff in retaliation for Plaintiff's complaints"; and (ii) "[t]he facts as set forth above constitute retaliation . . . in violation of KRS 344.280 *et seq.*" (Compl. ¶¶ 9, 11). As with the racial discrimination claim, the retaliation claim is based upon mere legal conclusions and is not entitled to any presumption of truth. *See Iqbal*, 556 U.S. at 680 (citing *Twombly*, 550 U.S. at 555). In addition, while Plaintiff has alleged some facts to support some of the elements of his retaliation claim, Smith's allegations lack any facts supporting the proposition that his termination was done with retaliatory intent, or that there is a causal connection between his complaints and his termination. *See Baker*, 2016 WL 1268300, at *3 ("Plaintiff has not pled facts that the termination of Plaintiff was done with retaliatory intent by Defendant or that establish a causal connection between the termination and Plaintiff's protected activity." (citations omitted)); *Saunders v. Ford Motor Co.*, No. 3:14-CV-00594-JHM, 2015 WL 1980215, at *6 (W.D. Ky. May 1, 2015) ("Further, Plaintiff has not pled facts that the gap in benefit payments was done with retaliatory intent by UniCare or that establish a causal connection between the gap in benefit payments and Plaintiff's protected activity."); *Moore v. Humana, Inc.*, No. 3:10-CV-26-S, 2010 WL 2961205, at *2 (W.D. Ky. July 26, 2010) ("Here there is nothing

alleged in support of causality, and nine months' time between complaint and discharge is certainly too much to stand alone.").

For these reasons, Plaintiff has failed to allege the necessary elements of his retaliation claim. Accordingly, he has failed to state a claim, and Plaintiff's Complaint will be dismissed without prejudice. *See Empire Title Servs., Inc. v. Fifth Third Mortg. Co.*, 298 F.R.D. 528, 530 (N.D. Ohio 2014) ("Underscoring the strong preference for deciding cases on the merits, the Sixth Circuit has held that it is not appropriate to dismiss even improperly pled claims with prejudice without giving the party an opportunity to correct the pleading deficiency. As Plaintiff correctly notes, 'where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.'" (quoting *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003))).

## IV. CONCLUSION

For the reasons outlined above, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (DN 5) and Defendant's Motion for Leave to File Supplemental Authority (DN 11) are **GRANTED**, and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

Greg N. Stivers, Judge
United States District Court

August 15, 2016

cc: counsel of record

6